UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELOY M. CHAVEZ, | § |
| *Plaintiff*, | § |
| v. | § Civil Action No.  SA-10-CV-538-XR |
| MAXIMUS, INC., | § |
| *Defendant*. | § |

**ORDER**

On this date, the Court considered Plaintiff Eloy Chavez's Motion to Remand (docket no. 5). After careful consideration, the Court will deny the motion.

**I. Background**

Plaintiff initially filed this lawsuit in County Court at Law No. 7 in Bexar County on May 28, 2010.  Plaintiff's petition asserts claims for wrongful discharge and retaliation under the Texas Labor Code.  Plaintiff seeks past and future lost wages, past and future mental anguish and emotional distress, punitive damages, attorney's fees, and costs.

Defendant Maximus received service of process on June 9, 2010.  It timely filed a notice of removal on June 28, 2010, alleging jurisdiction based on diversity.  Diversity jurisdiction exists if there is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. 1332(a).  Plaintiff does not dispute that he is a citizen of Texas and the Defendant is a citizen of Virginia.  He does dispute Defendant's assertion that the amount in

controversy exceeds $75,000, however, and moves for remand on that basis.[1]

## II. Analysis

The party seeking to maintain federal jurisdiction is required to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). When the case has been removed from state court and the plaintiff does not specify an amount sought, the removing party may satisfy this burden in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Defendant has chosen the first method.

Plaintiff's petition does not specify an amount of damages sought. Rather, Plaintiff generally prays for past and future lost wages, past and future mental anguish, punitive damages "in the maximum amount allowed by law,"and attorney's fees. Defendant contends that, based on the damages sought, it is "facially apparent" from the petition that the amount in controversy exceeds $75,000. This Court has found that it was facially apparent that the amount in controversy exceeded $75,000 in a case seeking the same damages under the Texas Labor Code. *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916 (W.D. Tex. 2005). Other courts have reached the same conclusion in employment cases seeking such damages. *E.g.*, *Muniz v. El Paso Marriott*, Civ. A. No. EP-09-CV-274, 2009 WL 4878619 (W.D. Tex. Dec. 8, 2009); *Rawlings v. Travelers Property Cas. Ins. Co.*,

---

[1] Plaintiff also moves in the alternative for this Court to remand *sua sponte*. The Court construes this as a request for the Court to remand on any basis that would support remand. Because a motion to remand has been filed, the Court may remand on any appropriate basis, even though not raised by the motion for remand. *Shexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004). However, the Court discerns no basis for remand, and thus declines to *sua sponte* remand.

2008 WL 2115606 (N.D. Tex. May 20, 2008); *Burroughs v. Raytheon Tech. Servs. Co.*, Civ. A. No. 06-CV-89, 2006 WL 897678 (W.D. Tex. April 4, 2006).  Section 21.2585(d)(4) of the Texas Labor Code entitles Plaintiff to recover up to $300,000 in punitive damages from a defendant with more than 500 employees (Defendant asserts that it has more than 500 employees).  Additionally, attorney's fees are recoverable for this claim under Texas Labor Code § 21.259.  Assuming that Plaintiff will prevail on all his claims, the amount in controversy exceeds $75,000 on the face of the petition.

Plaintiff makes the novel argument that attorney's fees under the Texas Labor Code should be deemed to be "costs" and thus excluded from the amount in controversy.  Plaintiff cites *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) in support of this position.  However, that case actually stands for the proposition that attorney's fees should be included in the amount in controversy in this case.  In *Suber*, the Third Circuit noted that attorney's fees are generally included in determining amount in controversy:

> [I]n calculating the amount in controversy, we must consider potential attorney's fees. Although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.

*Id.* at 585.  In a later footnote, which Plaintiff cites in support of his argument, the court discussed a specific amount-in-controversy requirement under the Magnuson-Moss Warranty Act:

> Under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. § 2301 *et seq.*, a consumer who is damaged by the failure of a dealer or manufacturer to comply with a warranty obligation can file suit to recover the purchase price plus collateral damages. *Id.* § 2310(d). Although it is a federal provision, federal jurisdiction under Magnuson-Moss is limited to those cases in which the amount in controversy exceeds $50,000. *Id.* § 2310(d)(3)(B).
>
> Despite the similarities of this provision to the Lemon Law, whether a plaintiff satisfies the amount in controversy threshold is a different question under

> Magnuson-Moss.  Section 2310(d)(3) expressly excludes "interests and costs" from the calculation of the amount in controversy.  *Unlike the federal diversity statute*, the courts that have considered whether attorney fees are costs within the meaning of the statute have uniformly concluded that they are and thus must be excluded from the amount in controversy determination. *See, e.g., Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983); *Mele v. BMW of North America, Inc.*, No. 93-2399, 1993 WL 469124, at *3 (D.N.J. Nov. 12, 1993).
>
> Although Suber could therefore probably not establish jurisdiction with his Magnuson-Moss claim, we leave that question to the district court upon remand.  If the district court finds that Suber has established diversity jurisdiction with his Lemon Law or NJCFA claim, the court can exercise supplemental jurisdiction over the Magnuson-Moss Act claim. 28 U.S.C. § 1367(a).

*Id.* at 588 n.12 (emphasis added).  Thus, because the Magnuson-Moss Act itself characterizes attorney's fees as part of interest and costs, and federal jurisdictional statutes must be strictly construed, attorney's fees are not included in the amount in controversy for such claims.  This footnote has no application to this case, as Plaintiff is not suing under the Magnuson-Moss Act.

Although the Texas Labor Code does state that "a court may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," the statute's characterization does not preclude attorney's fees from being included in the amount in controversy.  Rather, it has long been held that, for purposes of determining amount in controversy under § 1332, the state statute's characterization of attorney's fees as costs does not control.  *See, e.g.*, *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (stating that the "mere declaration of the state statute could not alter the true nature of the obligation").  Thus, the Third Circuit in *Suber* and the other courts cited therein were careful to note the difference between the Magnuson-Moss Act and the rule applicable to diversity jurisdiction.  *See, e.g.*, *Suval v. BL Ltd.*, 710 F.2d 1027 (4th Cir. 1983) ("Appellants seek to draw an analogy from diversity cases holding that attorneys' fees may be considered as part of the jurisdictional amount requirement even though the statute provides that the amount shall be

calculated 'exclusive of interest and costs ....' In the cases cited by appellants, however, state statutes or contractual provisions transformed attorneys fees into substantive rights to which the litigants were entitled. Those cases did not involve a federal statute, defining 'cost and expenses,' analogous to § 2310(d)(2)."). Accordingly, because the Texas Labor Code grants plaintiff a substantive right to recover attorney's fees, Texas courts have routinely held that attorney's fees are included in the amount in controversy under § 1332 for claims brought under the Texas Labor Code. *See, e.g.*, *Acosta*, 400 F. Supp. 2d at 291; *Norvil v. DuPont Powder Coatings USA, Inc.*, Civ. A. No. H-10-409, 2010 WL 1609927 (S.D. Tex April 20, 2010); *Rawlings v. Travelers Property Cas. Ins. Co.*, 2008 WL 2115606 (N.D. Tex. May 20, 2008).

Plaintiff also states that his petition does not seek more than $75,000, "as set out in the affidavit attached to his petition." However, the affidavit, in which Plaintiff purports to limit his recovery to $75,000, is attached to his motion to remand (not his petition), and is dated July 21, 2010, well after Defendant removed this case. A party seeking to prevent removal may file a binding stipulation or affidavit *with their petition*. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 2005). Thus, if a Plaintiff attaches an affidavit to his petition before removal, it will be binding and become incorporated as part of the petition to limit recovery. However, it is well settled that an affidavit filed post-removal has no effect unless it is filed to clarify an ambiguous petition. *Id.* ("[O]nce a defendant has removed the case, *St. Paul* makes later filings irrelevant.") (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Accordingly, the affidavit does not meet Plaintiff's legal-certainty obligation.

### III. Conclusion

Plaintiff's Motion to Remand (docket no. 5) is DENIED.

It is so ORDERED.

SIGNED this 23rd day of July, 2010.

                    XAVIER RODRIGUEZ
                    UNITED STATES DISTRICT JUDGE